WILLIAM A. BYRD, administrator, plaintiff in error, *vs.* SARAH E. LEWIS, administratrix, defendant in error.

When A, as administratrix, filed her bill against B, administrator, to enjoin suits in ejectment and for the purchase of land, upon the following statement of facts: A and B, in their lifetime, bought together a certain ferry and lands, A taking title to himself, and afterwards made title to one-half to B, and B made payments, and gave his note for balance of the purchase-money, and B also turned over to A the whole proceeds of the ferry, and other accounts alleged to have been paid, and which, together, amounted to the balance due, and the Court overruled the demurrer to the bill and granted the injunction prayed:

*Held,* That the judgment of the Court was not error, in this, that jurisdiction for purposes of injunction existed in the county when the suits were pending, and the facts alleged made a proper case for equity interference.

Equity Jurisdiction. Injunction. Before Judge STROZIER. Mitchell County. Chambers. March, 1871.

William A. Byrd, as administrator of Benton Byrd, filed his bill, in Mitchell county, against Sarah E. Lewis, administratrix of Thomas Lewis, containing the following averments: In 1858, land lots, numbers forty-seven, forty-eight, sixty-three, and seventy-six, in the Ninth District of Dooly county, including the Danville ferry and its franchises, were about to be sold. Benton Byrd and Thomas Lewis agreed to buy them, jointly. Lewis bid them off at $2,000 00, took title in his own name, and paid for them. In 1861, they had a settlement of said contract, and Lewis made Byrd a deed to a half interest in number sixty-three, and the ferry and franchises, and took Byrd's note for $793 94, the balance due Lewis, under the contract. As soon as Lewis made said purchase, he and Byrd took joint possession of the property, as theirs in common, and so continued till they both died, in 1869. Being intimate friends and having great confidence in each other, no other consummation of said contract was made.

Some time after giving said note, Byrd paid Lewis $500 00 on it, and, by Byrd's request, the ferryman paid Lewis all the ferriage, to-wit: $487 70, to discharge said note. One-half of this $487 70 belonged to each of them. And, since the death of the parties, Sarah E. Lewis, as Thomas Lewis' administratrix, has received $600 00, being all the ferriage. Byrd, for many years, did all the repairing, etc., of the ferry, at a cost of $500 00. Besides this, Byrd owed Lewis $130 00 for a mule. This shows the state of the accounts between them.

Yet Lewis' administrator, residing in Sumter county, has sued Byrd's administrator on said note, for its full amount, and for said mule, and brought ejectment against him for said number seventy-six, although Byrd had had joint possession of said lot under said contract ever since the purchase. He prayed for an account and settlement, and for injunction against said suits. The bill was demurred to because there was no jurisdiction over the subject matter in

Mitchell county; because it contained no equity, and because the remedy at law was complete. At the hearing, complainant's counsel presented affidavits of witnesses to admissions by Lewis, of the facts stated in the bill. The demurrer was overruled and the injunction was granted. That is assigned as error.

HAWKINS & GUERRY, HINES & HOBBS, for plaintiff in error.

VASON & DAVIS, by R. H. CLARK, for defendant.

LOCHRANE, C.·J.

This was a bill filed by Byrd, as administrator, alleging that his intestate, and the intestate of the plaintiff in error, both being in life, bought together certain property in Dooly county, including the Danvil Ferry and its franchises; but Lewis took the title to the same in his own name, and made a deed to Byrd for one-half of the said ferry and franchise, and lot of land number sixty-three, taking the note of Byrd, for $793 94, the balance due. The bill alleges two payments by Benton Byrd, the intestate, amounting to some $500 00, and that he turned over the whole of the money collected for ferriage to the discharge of the balance of said debt, which he avers amounted to some $487 70, up to July, 1869, one-half of which belonged to Benton Byrd, and that the estate of Lewis has collected from the profits of said ferry some $600 00, one-half of which belonged to said Byrd. The bill also alleges the expenditure of some $500 00, of which one-half belonged to said intestate. It also alleges the death of the contracting parties, their great intimacy and confidence with each other, and their decease without any final settlement between them; avers full payment of the outstanding liability, the institution of suits in Mitchell county for balance on account alleged to be due, and action of ejectment, and prays an account and injunction restraining said suits,

with the usual prayers for process, relief, etc.    Original affidavits are attached to this bill, supporting the allegations contained therein, and also a motion to dismiss the same for want of equity.    The Court overruled the demurrer and motion, and granted the injunction prayed for, which judgment by the Court forms the basis of the writ of error upon which the case comes before this Court for review.

Upon examination of the bill, we think the Superior Court had jurisdiction to grant the injunction and enjoin the actions at law until a hearing could be had upon the bill; and we think there was ample equity in the bill as presented to the Court.    The facts alleged being all admitted to be true by the demurrer, the purchase-money for which this suit was instituted, and out of which the action of ejectment grew was fully paid off and discharged, and it would be inequitable to permit the parties to proceed with these actions, if the facts alleged are true.

Judgment affirmed.